IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

NESTOR TIRADO-BARBOSA                                                                    PETITIONER
Reg. #51970-069

v.                                              2:23-cv-00023-BSM-JJV

JOHN P. YATES, Warden                                                                    RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner Nestor Tirado-Barbosa brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") has improperly failed to apply earned time credits against his sentence pursuant to the First Step Act of 2018, 18 U.S.C. §§ 3631-3635. (*Id*. at 2-3.) After careful consideration of Mr. Tirado-Barbosa's Petition as well as the Response (Doc. No. 6) and Reply (Doc. No. 10), I recommend the Petition be dismissed without prejudice.

**II.     FACTS**

In 2019, in the United States District Court for the District of Puerto Rico, Mr. Tirado-Barbosa pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. No. 6-2 at 1.) He was sentenced to twelve months' imprisonment on the § 841 offense and sixty months' imprisonment on the § 924(c) offense, with the terms to run consecutively. (*Id*. at 2.) Mr. Tirado-Barbosa is currently serving his aggregate sentence of seventy-two months at the Federal Correctional Institution – Forrest City Low.

Mr. Tirado-Barbosa does not dispute that he is ineligible to receive time credits against his § 924(c) sentence, as it is a disqualifying offense under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). (Doc. No. 1 at 2.) However, he argues he is eligible to receive time credits against his § 841 sentence, and he seeks time credits "he has earned during the service of his section 841 term of confinement." (*Id*. at 2-3.) Respondent John P. Yates, Warden of the Forrest City Low FCI, argues in part that Mr. Tirado-Barbosa's Petition should be dismissed based on his failure to exhaust his administrative remedies. (Doc. No. 6 at 3-5.)

III. **ANALYSIS**

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their

administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. Tirado-Barbosa failed to present his claim to the BOP through its Administrative Remedy Program. BOP records demonstrate that he has submitted four Administrative Remedy Requests during his incarceration, but none pertain to the claim raised here; rather, all four related to a disciplinary hearing.[1] (Doc. No. 6-3 at 2.) Mr. Tirado-Barbosa

---

[1] Mr. Tirado-Barbosa has submitted, as an attachment to his Reply, a copy of an Administrative Remedy Request wherein he sought to challenge the BOP's conclusion that he was ineligible to receive FSA credits due to his § 924(c) conviction. (Doc. No. 10 at 8.) However, that Administrative Remedy Request is dated April 24, 2023 – after the date Mr. Tirado-Barbosa filed this Petition – and the process is presumably ongoing. Mr. Tirado-Barbosa may seek judicial review *after* fully exhausting this request.

3

implicitly concedes that he failed to present and exhaust his claim, contending the exhaustion requirement should be waived in this case because it would be futile. (Doc. No. 1 at 2.) Specifically, he says the claim presents an issue of statutory interpretation that the BOP is without authority to decide. (*Id*.) However, the essence of Mr. Tirado-Barbosa's claim is that the BOP is misapplying certain provisions of the First Step Act. (*Id*. at 3.) Such a claim is ripe for review through the administrative remedy process. *See Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974).

Because Mr. Tirado-Barbosa failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Tirado-Barbosa's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 11th day of May 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE